1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST MILLER,                         No. CIV S-10-2460-GEB-CMK-P

12              Plaintiff,

13        vs.                               FINDINGS AND RECOMMENDATION

14   M. KEATING, et al.

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  On December 1, 2010, the undersigned ordered plaintiff to submit a complete

19   application for leave to proceed in forma pauperis, or pay the appropriate filing fee.  If plaintiff

20   chose to file an application to proceed in forma pauperis, he was ordered to explain how he meets

21   the imminent danger standard pursuant to 28 U.S.C. § 1915(g).  Plaintiff's application (Doc. 9)

22   and explanation are now pending before the court.

23              The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as

24   follows:

25              In no event shall a prisoner bring a civil action . . . under this
                section if the prisoner was, on three or more prior occasions, while
26              incarcerated or detained . . ., brought an action . . . in a court of the United

1

1    States that was dismissed on the ground that it is frivolous, malicious, or
     fails to state a claim upon which relief may be granted, unless the prisoner
2    is under imminent danger of serious physical injury.

3          Id.

4          Thus, when a prisoner plaintiff has had three or more prior actions dismissed for

5    one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in

6    forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not

7    count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).

8    Where, however, a dismissed habeas action was merely a disguised civil rights action, the district

9    court may conclude that it counts as a "strike."  See id. at n.12.

10         When in forma pauperis status is denied or revoked under § 1915(g), the proper

11   course of action is to dismiss the action without prejudice to re-filing the action upon pre-

12   payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit

13   reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding

14   under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d

15   1310 (9th Cir. 1998).  Notably, the district court dismissed the entire action rather than simply

16   providing the plaintiff an opportunity to pay the filing fee.  The Ninth Circuit held that the

17   plaintiff's case was "properly dismissed."  Id. at 1311.  Similarly, in Rodriguez v. Cook, the

18   Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

19   that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"

20   provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant

21   an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated

22   that the appellant "may resume this appeal upon prepaying the filing fee."[1]

23
24   _____
     [1]    It is unclear how the appellant would have been able to "resume" the appeal upon
     pre-payment of the filing fee because appellate filing fees are paid in the district court when the
25   notice of appeal is filed.  Had the appellant filed a new notice of appeal with the appropriate
     filing fee, any such notice of appeal would have been untimely in that it would not have been
26   filed within 30 days of the final judgment being appealed.  The Ninth Circuit did not address this
     problem.

1    This conclusion is consistent with the conclusions reached in at least three other

2  circuits.  In <u>Dupree v. Palmer</u>, the Eleventh Circuit held that denial of in forma pauperis status

3  under § 1915(g) mandated dismissal.  <u>See</u> 284 F.3d 1234 (11th Cir. 2002).  The court specifically

4  held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because

5  "[h]e must pay the filing fee at the time he *initiates* the suit."  <u>Id.</u> at 1236 (emphasis in original).

6  The Fifth and Sixth Circuits follow the same rule.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383

7  (5th Cir. 1996); <u>In re Alea</u>, 86 F.3d 378 (6th Cir. 2002).

8    This court has found plaintiff ineligible to proceed in forma pauperis several times

9  due to his filing three or more actions that had been dismissed as frivolous, malicious or as

10  failing to state a claim.  <u>See e.g.</u>, <u>Miller v. McGrath</u>, Case No. 2:08-0070 HWG-KSC; <u>Miller v.</u>

11  <u>Stowell</u>, 2:10-1605 GEB-DAD;  <u>Miller v. Brown</u>, 2:09-3403 MCE-GGH.

12    Plaintiff was provided an opportunity to explain how he would meet the imminent

13  danger provision of § 1915(g).  Plaintiff's explanation, however, fails to show that he meets the

14  exception to the three strikes provision.  Plaintiff informs the court that he is in imminent danger

15  because the defendants are confiscating his writing material and incoming mail, including money

16  order, pictures, and packages.  He also makes the conclusory statement that staff is trying to

17  fatally hurt him by murder.  He fails to explain this statement, and the undersigned finds such

18  conclusory statements insufficient to show he is in any imminent danger of serious physical

19  injury.  Additionally, plaintiff's complaint similarly raises issues with receipt of his inmate mail,

20  and does not support any conclusion that he is under any imminent danger of serious physical

21  injury.

22    Based on the foregoing, the undersigned recommends that plaintiff's motion to

23  proceed in forma pauperis (Doc. 9) be denied, plaintiff be barred from proceeding in forma

24  pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), and this case

25  dismissed without prejudice.

26    These findings and recommendations are submitted to the United States District

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

2  after being served with these findings and recommendations, any party may file written

3  objections with the court.  Responses to objections shall be filed within 14 days after service of

4  objections.  Failure to file objections within the specified time may waive the right to appeal.

5  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7   DATED:  January 24, 2011

8

9                                                        CRAIG M. KELLISON
                                                         UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26